**UNITED STATES of America,
Plaintiff,**

v.

**COUNTY NATIONAL BANCORPORATION and Big Bend Bank, Defendants.**

No. 72 C 219(1).

United States District Court,
E. D. Missouri, E. D.

Dec. 13, 1972.

As Amended Feb. 7, 1973.

Richard G. Kleindienst, Acting Atty. Gen., Ralph M. McCareins and John E. Sarbaugh, Chicago, Ill., James J. Kubik, Allyn A. Brooks, Attys., Dept. of Justice, Washington, D. C., for plaintiff.

R. H. McRoberts and V. L. Riddle, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for County National Bancorporation.

Robert S. Allen and John Torrey Berger, Jr., Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for Big Bend Bank.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MEREDITH, Chief Judge.

This cause came on for hearing on the 31st day of August, 1972, upon the pleadings filed herein; the hearing was concluded and the cause submitted; the Court, having heard and received the evidence offered at said hearing, and having considered the pleadings, the evidence, and the arguments and briefs of counsel and the entire record in the cause, and being fully advised in the premises, hereby finds and concludes as follows:

### *Findings of Fact*

1. The complaint is filed and the action instituted under section 15 of the Act of Congress of October 15, 1914, c. 323, 38 Stat. 736, as amended (15 U.S.C. § 25), commonly known as the Clayton Act, in order to prevent and restrain an alleged violation by defendants of section 7 of the Clayton Act, 38 Stat. 731, as amended (15 U.S.C. § 18).

2. Each of the defendants has its principal place of business, transacts business, and is found within the Eastern District of Missouri, Eastern Division.

3. County National Bancorporation (CNB) is a registered bank holding company organized under the laws of the State of Missouri, and maintains its principal place of business in Clayton, St. Louis County, Missouri.

4. Big Bend Bank (Big Bend) is a banking association organized under the laws of the State of Missouri, and maintains its principal place of business in Webster Groves, St. Louis County, Missouri.

5. St. Louis County National Bank (County National) is a subsidiary of CNB; County National and Big Bend are both commercial banks; and commercial banking is the relevant line of commerce.

6. County National and Big Bend are each engaged in interstate commerce.

7. On June 17, 1971, defendants CNB and Big Bend entered into an agreement for the acquisition by CNB of not less than ninety percent of the shares of Big Bend. The agreement provides for an exchange of shares on the basis of two shares of CNB stock for each one share of Big Bend stock. The agreement is still in full force and effect.

8. On or about the 7th day of September, 1971, CNB filed an application with the Board of Governors of the Federal Reserve System, pursuant to § 3(a)(3) of the Bank Holding Company Act of 1956, as amended, for prior approval by the Board of the acquisition by CNB of the ownership, control, or power to vote of not less than ninety percent of the voting shares of Big Bend. By a four to three vote the Board approved the application.

9. The Government contends that the relevant market area is the east central portion of St. Louis County, except for

the City of Overland. This area includes Clayton, University City, Olivette, Ladue, Creve Coeur, Richmond Heights, Webster Groves, Kirkwood, Brentwood, Ballwin, Town and Country, Affton, Maplewood, and Crestwood.

10. Defendants contend that the relevant market area is St. Louis City and St. Louis County.

11. If Overland is included in the east central part of St. Louis County, then County National is the largest of nineteen commercial banks located in east central St. Louis County; as of April 18, 1972, the last date for which figures are available, County National had total assets of $207,607,000, total deposits of $188,234,000, and loans of $88,624,000. County National's deposits represented 22.87% of the total of all deposits held by the nineteen commercial banks physically located within the east central St. Louis County area. While County National is the largest commercial bank in the east central St. Louis County area, it does not dominate commercial banking in said area, or in the banking market of the City and County of St. Louis. Because Missouri law does not allow branch banking, County National conducts its entire business from its office in Clayton, Missouri.

12. As of April 18, 1972, Big Bend had total assets of $28,467,000, total deposits of $25,907,000, and loans of $11,048,000. Its deposits represented 3.-14% of the total of all deposits held by the nineteen commercial banks physically located in the east central St. Louis County area, (including Overland). Big Bend's sole banking office is located in Webster Groves, Missouri.

13. County National and Big Bend are located 5.5 miles apart in the east central St. Louis County area (including Overland), and the service areas of the two banks overlap to some extent. County National derives a certain amount of its total loans and deposits from Big Bend's primary service area. Big Bend derives a substantial amount of its total loans and deposits from County National's primary service area.

Both banks draw a substantial amount of their deposits and loans from the east central St. Louis County area (including Overland). County National and Big Bend compete in this area with each other, with the seventeen other commercial banks having offices in the east central St. Louis County area (including Overland), and with all other commercial banks having offices in the City of St. Louis and/or the County of St. Louis in offering and performing commercial banking services.

14. Competition for commercial banking business in the east central St. Louis County area (including Overland) is not limited to the banks physically located within such area, and is not highly concentrated; on the contrary, the number of commercial banks competing within said area and the amount of commercial banking business done from said area are steadily increasing and the share of the commercial banking business done by County National and by Big Bend, and County National and Big Bend combined, is steadily decreasing, and after the consummation of the proposed acquisition, the share of the deposits of the combined institution will be 5.7% less than the share would have been as of June 30, 1967.

Since, as the Court finds below, other commercial banks whose offices are physically located without the east central St. Louis County area (including Overland) compete actively, aggressively and effectively for commercial banking business with the banks whose offices are physically located within such area, the market shares of the banking organizations located within such area holding the four largest shares of deposits and the eight largest shares of deposits held by only the banks whose offices are physically located within such area are of no significance in judging the effect of the proposed acquisition upon competition within such area.

15. The uncontradicted evidence affirmatively shows that the four downtown banks, Mercantile Trust Company National Association (Mercantile

Trust), First National Bank in St. Louis (First National), The Boatmen's National Bank of St. Louis (Boatmen's) and Bank of St. Louis, and Tower Grove Bank and Trust Company (Tower Grove) actively and effectively compete for business with the nineteen banks whose offices are physically located within the east central St. Louis County area (including Overland) for the commercial banking business both wholesale and retail, of customers whose resi-. dences and/or places of business are physically located within such area. The uncontradicted evidence also shows that certain other specific banks whose places of business are located within the City of St. Louis, Missouri, or within the County of St. Louis, Missouri, but without the said area, compete for commercial banking business in the said area, such as Mercantile-Commerce Trust Company, Hampton Bank of St. Louis, City Bank, Manufacturer's Bank & Trust Co., South Side National Bank in St. Louis, Fidelity Bank and Trust Company, Bank of Concord Village, United Missouri Bank of Ferguson, and Colonial Bank.

16. On the basis of such uncontradicted evidence, the Court finds that the St. Louis banking market, consisting of the City and County of St. Louis, is the section of the country and the relevant market within which the effect of the proposed acquisition of Big Bend by CNB is to be measured. Within such relevant market the assets of the resulting corporation would represent only 3.-8% of the assets of all commercial banks (City and County) in such market, the loans of such resulting corporation would represent only 3.3% of the loans of all commercial banks in such market, and the deposits of such resulting corporation would represent only 4.2% of the deposits of such commercial banks in such market.

17. Even if the east central St. Louis County area (including Overland) should be deemed to be the relevant market, and only the nineteen commercial banks physically located within such area, plus Mercantile Trust, First National, Boatmen's, Bank of St. Louis, and Tower Grove are deemed to actively and aggressively compete for commercial banking business within such area, then the assets of the resulting corporation would represent only 5.5% of the assets of the said banks so competing in such market, the loans of such resulting corporation would represent only 4.8% of the loans of the said banks so competing in such market, and the deposits of such resulting corporation would represent only 6.6% of the deposits of the said banks so competing in such market.

### Conclusions of Law

■ 1. The burden is on the plaintiff to prove by the preponderance of the evidence that the east central St. Louis County area (including Overland) is the relevant market area in which the effect of the proposed acquisition upon competition should be tested. The Court concludes that the plaintiff has failed to carry this burden of proof, and that the east central St. Louis County area (including Overland) is not the relevant market in which the effect of the proposed acquisition upon competition is tested. Instead, the relevant market area consists of the City and County of St. Louis, Missouri.

■ 2. Even if the east central St. Louis County area (including Overland) is deemed to be the relevant market in which the effect of the proposed acquisition upon competition is tested, the competition of all commercial banks actively and effectively competing for commercial banking business with customers whose residences or places of business are within such area, must be taken into consideration.

■ 3. Plaintiff has failed to sustain its burden of proof that there is a reasonable probability that the proposed acquisition will result in a substantial lessening of competition in either the east central portion of St. Louis County or the area of the City of St. Louis and St. Louis County, or that the acquisition will violate section 7 of the Clayton Act.